IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Westfield Insurance Company,

　　　　　　　Plaintiff,

　vs.

Dan and Mindy Cardinal, Terra-Therm,
Inc., TTI Holdings, Inc., Northern Geo
LLC, d/b/a TTherm Geo, Rite-Way
Heating & Air Conditioning, Inc., and
Marysville Mutual Insurance Company,

　　　　　　　Defendants.

**COMPLAINT FOR
DECLARATORY RELIEF**

Case No. 0:22-cv-2816

---

Plaintiff Westfield Insurance Company ("Westfield"), for its Complaint for Declaratory

Relief against Defendants Dan and Mindy Cardinal, Terra-Therm, Inc., TTI Holdings, Inc.

Northern Geo LLC, d/b/a TTherm Geo, Rite-Way Heating & Air Conditioning, Inc., and

Marysville Mutual Insurance Company, states and alleges as follows:

### NATURE OF ACTION

1.　　　In this action, Westfield seeks a declaration from this Court pursuant to 28 U.S.C. § 2201,

of the rights and obligations of the parties to the Commercial Insurance Coverage policy issued by

Westfield as set forth in more detail below.  Pursuant to Federal Rule of Civil Procedure 57 and

28 U.S.C. § 2201, an actual controversy exists because the dispute between the parties is definite

and concrete, affecting the parties' adverse legal interests with sufficient immediacy as to warrant

judicial relief.

## PARTIES TO THIS ACTION

2.      Westfield Insurance Company ("Westfield") is a corporation organized under the laws of the State of Ohio, with its principal place of business at One Park Circle, Westfield Center, Ohio. Westfield insured Defendant Terra-Therm, Inc. under a Commercial Insurance Coverage policy in effect from May 10, 2017 to May 10, 2018.

3.      Defendants Dan and Mindy Cardinal ("the Cardinals") are individuals who reside at 12540 NE Flett Road, Gaston, Oregon 97119.

4.      Defendant Terra-Therm, Inc. ("Terra-Therm") is a now-dissolved Minnesota Corporation that had a registered office address of 12904 220th Avenue, New Richmond, Minnesota 56072, and a principal office address of 500 17th Avenue NE, Waseca, Minnesota 56093.  Terra-Therm sold its assets to Defendant Northern Geo, LLC in an asset purchase agreement dated November 20, 2017.

5.      Defendant TTI Holdings, Inc. ("TTI") is a now-dissolved Minnesota Corporation that had a registered office address of 12904 220th Avenue, New Richmond, Minnesota 56072, and a principal office address of 500 17th Avenue NE, Waseca, Minnesota 56093.

6.      Defendant Northern Geo, LLC ("Northern Geo") is a Minnesota Limited Liability Corporation with its registered office address and its principal place of business at 75 West Veum Avenue, Appleton, Minnesota 56208.

7.      Defendant Rite-Way Heating & Air Conditioning, Inc. ("Rite-Way") is an Oregon Corporation with its registered office address at 3095 NW 366th Place, Cornelius, Oregon 97113, and its principal place of business at 3900 24th Avenue, Forest Grove, Oregon 97116.

8.      Defendant Marysville Mutual Insurance Company ("Marysville") is a Kansas Corporation with a registered office address of 1000 Broadway, Marysville, Kansas 66508.  Upon information and belief, Marysville afforded insurance coverage to TTI.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 28 U.S.C.§ 1332 (a) and c (1) because there exists complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the fair value of $75,000, exclusive of interest and costs.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because several of the Defendants reside in Minnesota, and a substantial portion of the events giving rise to this coverage claim, namely Westfield's sale of insurance policies to a Minnesota insured, occurred in Minnesota.

## THE UNDERLYING LAWSUIT

11.     All Defendants, except Marysville, were parties to the lawsuit captioned *Dan Cardinal and Mindy Cardinal v. Northern Geo LLC d.b.a. Therm Geo, et al.,* Circuit Court for the State of Oregon for the County of Multnomah, Case No. 20CV3148 (the "Underlying Lawsuit").  A copy of the Complaint from the Underlying Lawsuit is attached hereto as Exhibit A.

12.     The Underlying Lawsuit arises out of an allegedly defective geothermal system purchased by the Cardinals on or about March 2018.

13.     The Underlying Lawsuit Complaint alleges that Terra-Therm, TTI and Northern Geo were involved in the manufacture of the geothermal system, and that Rite-Way sold the geothermal system and installed it in the Cardinals' home.

14.     The Complaint in the Underlying Lawsuit alleges that the geothermal system had broken down at least six times as of April 2020. Upon information and belief, the first breakdown occurred on or about December 20, 2018.

15.     The Complaint in the Underlying Lawsuit alleges that in not remedying the defective geothermal system, defendants engaged in breach of contract, breach of warranty, and other similar causes of action.

16.     On or about July 11, 2022, the Cardinals obtained a default judgment in the Underlying Lawsuit against Terra-Therm and TTI Holdings. A copy of the default judgment is attached hereto as Exhibit B.

17.     On or about October 7, 2022, counsel for the Cardinals wrote to Westfield and Marysville demanding payment of the default judgment entered against Terra-Therm and TTI.  A copy of the letter is attached hereto as Exhibit C.

## THE WESTFIELD POLICY

18.     Westfield issued a Commercial Insurance Coverage Policy to Terra-Therm, Policy No. BOP 3 223 720, effective May 10, 2017 to May 10, 2018 (the "Policy").  A true and correct copy of relevant portions of the Policy are attached hereto as Exhibit D.

19.     The Policy includes a Businessowners Coverage Form (form BP 00 03 07 13), which states, in pertinent part:

> Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this Coverage Form, the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we," "us" and "our" refer to the company providing this insurance.
>
> In Section II – Liability, the word "insured" means any person or organization qualifying as such under Paragraph **C.** Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to * * * Paragraph **F.** Liability And medical Expenses Definitions in Section **II** - Liability.

## SECTION II – LIABILITY

### A.  Coverages

#### 1.  Business Liability

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of * * * "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for * * * "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. * * *

*     *     *

    **b.**  This insurance applies to * * * "property damage" only if:

        **(1)** The * * * "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

        **(2)** The * * * "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph **C.1.** of Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the * * * "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew prior to the policy period, that the * * * "property damage" occurred, then any continuation, change or resumption of such * * * "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

*     *     *

    **d.**  * * * "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **C.1.** Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the * * * "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the * * * "property damage"; or

**(3)** Becomes aware by any other means that * * * "property damage" has occurred or has begun to occur.

\*       \*       \*

**f.  Coverage Extension – Supplementary Payments**

\*       \*       \*

**(2)** If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

**(a)** The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

**(b)** This insurance applies to such liability assumed by the insured;

**(c)** The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

**(d)** The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

**(e)** The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

**(f)** The indemnitee:

**(i)** Agrees in writing to:
**i.** Cooperate with us in the investigation, settlement or defense of the "suit";
**ii.** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

          **iii.** Notify any other insurer whose coverage is available to the indemnitee; and

          **iv.** Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

    **(ii)** Provides us with written authorization to:

          **i.** Obtain records and other information related to the "suit"; and

          **ii.** Conduct and control the defense of the indemnitee in such "suit".

**(3)** So long as the conditions in Paragraph **(2)** are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **B.1.b.(2)** Exclusions in Section **II** - Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the Limits of Insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

**(a)** We have used up the applicable Limit of Insurance in the payment of judgments or settlements; or

**(b)** The conditions set forth above, or the terms of the agreement described in Paragraph **(2)(f)** above, are no longer met.

## B. Exclusions

### 1. Applicable to Business Liability Coverage

This insurance does not apply to:

#### a. Expected Or Intended Injury

"[P]roperty damage" expected or intended from the standpoint of the insured. * * *

#### b. Contractual Liability[1]

"[P]roperty damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

---

[1] As amended by Endorsement, Minnesota Changes, Form BP 01 25 03 15.

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the * * * "property damage" occurs subsequent to the execution of the contract or agreement.

* * *

**j.  Professional Services**

"[P]roperty damage" * * * caused by the rendering or failure to render any professional service.  This includes but it not limited to:

* * *

**(2)** Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

**(3)** Supervisory, inspection or engineering services;

* * *

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the * * * "property damage" * * * involved the rendering or failure to render of any professional service.

* * *

**l.  Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

* * *

**n.  Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**o. Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)** "Your product";
**(2)** "Your work"; or
**(3)** "Impaired property";

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\*      \*      \*

**E.  Liability And Medical Expenses General Conditions**

\*      \*      \*

**2.  Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
  **(1)** How, when and where the "occurrence" or offense took place;
  **(2)** The names and addresses of any injured persons and witnesses; and
  **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:
  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
  **(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:
      **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
      **(2)** Authorize us to obtain records and other information;
      **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and
      **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*    *    *

**F.  Liability And Medical Expenses Definitions**

*    *    *

**8.** "Impaired property" means tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

    **(1)** The repair, replacement, adjustment or removal of "your product" or "your work"; or
    **(2)** Your fulfilling the terms of the contract or agreement.

*    *    *

**9.** "Insured contract" means:

*    *    *

    **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for * * * "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

*    *    *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*     *     *

**16.** "Products-completed operations hazard":

    **a.** Includes all * * * "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or

        **(2)** Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

            **(a)** When all of the work called for in your contract has been completed.

            **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. * * *

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. * * *

*     *     *

**18.** "Suit" means a civil proceeding in which damages because of "property damage" * * * to which this insurance applies are alleged. "Suit" includes:

    **a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

\*      \*      \*

**21.** "Your product":

**a.** Means:

**(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

**(a)** You;
**(b)** Others trading under your name; or
**(c)** A person or organization whose business or assets you have acquired; and

**(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product;" and
**(2)** The providing of or failure to provide warnings or instructions.

**c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

## REQUEST FOR DECLARATORY RELIEF

20.     A controversy of a justiciable nature has arisen between the parties as to whether the Westfield Policy provides coverage for the Cardinals' claims asserted against Terra-Therm in the Underlying Lawsuit.

21.     This Complaint for Declaratory Relief is properly initiated pursuant to 28 U.S.C. § 2201 to obtain a determination as to whether or not Westfield is obligated under its policy to indemnify Terra-Therm for the default judgment entered in the Underlying Lawsuit.

22.     Westfield asserts that there may be other bases upon which to deny coverage to Terra-Therm.  Westfield's service of this Complaint should not be construed as a waiver of any policy provisions, terms or considerations.

23.     TTI, Northern Geo, Rite-Way and the Marysville are properly joined as parties-defendant to this action pursuant to 28 U.S.C. §2201, because they may seek reimbursement and/or indemnity for some or all of the damages, including attorneys' fees or costs, they have incurred or may incur as a result of the allegations in the Underlying Lawsuit.  As such, they have an interest in any ruling by this Court that may impact claims of coverage asserted by the Cardinals against Westfield.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Westfield Insurance Company prays for judgment as follows:

1.  Declaring and adjudging that Westfield has no obligation to indemnify Terra-Therm with respect to the default judgment in the Underlying Lawsuit or otherwise for any damages, attorneys' fees or costs incurred with respect to claims alleged against Terra-Therm in the Underlying Lawsuit;

2.  Declaring and adjudging that Westfield, as insurer for Terra-Therm, has no obligation to provide satisfaction, reimbursement and/or indemnification to the Cardinals for any judgment or award, damages, attorneys' fees, costs or expenses entered, awarded or assessed against Terra-Therm in the Underlying Lawsuit; and

3.  Providing such other and further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Westfield demands a jury trial of any factual issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**GOETZ & ECKLAND P.A.**

DATED: October 31, 2022

By /s/ Michael S. Rowley
    Michael S. Rowley (250934)
    Daniel E. Hintz (294718)
Attorneys for Plaintiff Westfield Insurance
Company
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN  55413
(612) 874-1552
mrowley@goetzeckland.com
dhintz@goetzeckland.com